IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOHERTY,

    Plaintiff,

v.

CITY OF ALAMEDA and CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD,

    Defendants.

No. 09-4961-EDL

**ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER TO DISMISS CLAIM TWO OF SECOND AMENDED COMPLAINT**

On March 30, 2010, this Court issued an Order dismissing the second claim of Plaintiff's second amended complaint ("SAC") with prejudice. The claim was dismissed because, despite multiple pleading efforts, Plaintiff's SAC failed to allege facts sufficient to state a claim for violation of 42 U.S.C. § 1983 because it did not allege that anyone with final policymaking authority, or the existence of any alleged practice or custom, caused a violation of Plaintiff's constitutional rights. On April 9, 2010, Plaintiff filed a Motion for Reconsideration of Order to Dismiss Claim Two of the Second Amended Complaint. The motion was purportedly brought pursuant to Federal Rule of Civil Procedure 59(e), Local Rule 72, and 28 U.S.C. § 636(b)(1). However, Federal Rule of Civil Procedure 59(e) relates to the timing of motions to alter or amend a judgment, and no judgment has been rendered in this matter so the rule is inapplicable. Local Rule 72 and 28 U.S.C. § 636(b)(1) relate to review of a magistrate judge's decision when pretrial or other matters have been referred to the magistrate judge by an assigned district court judge. These review procedures are inapplicable to this case because the parties here have expressly consented to having a magistrate judge preside over all proceedings through judgment, and appeal is directly to the Ninth Circuit. See 28 U.S.C. § 636(c)(3); Dkt. Nos. 3, 12. Instead, Local Rule 7-9(a) applies and requires Plaintiff to seek leave of

Court to file a motion for reconsideration on any ground set forth in Local Rule 7-9(b).  See Local Rule 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.")  Plaintiff did not seek leave of Court to file his motion for reconsideration, and for this reason alone the motion may be denied as procedurally improper.

However, even if the Court were to construe Plaintiff's motion as one for leave to file a motion for reconsideration, Local Rule 7-9(b) requires that a motion for leave to file a motion for reconsideration specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Plaintiff's motion fails to make this showing.  He does not claim that there has been a subsequent change in fact or law, or a failure by the Court to consider facts or arguments previously presented.  Instead, Plaintiff's motion repeats arguments made in his initial motion and requests that the Court "revisit the issue," which is expressly prohibited by the local rules and can subject him to sanctions. See Local Rule 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument . . . Any party who violates this restriction shall be subject to appropriate sanctions.").

Additionally, Federal Rule of Civil Procedure 60 allows the Court to correct mistakes arising from an "oversight or omission," and allows parties to move for relief from an order based on, among other things, "mistake, inadvertence, surprise or excusable neglect."  Plaintiff's counsel claims that he was "mistaken" in failing to name a final policymaker in the SAC (such as the Alameda City Council and various individuals he now claims should be substituted for Doe defendants) instead of the City of Alameda generally.  See Motion at 12; Declaration of Lee Grant ("Grant Decl.") at ¶ 2, 4.  However, an attorney's failure to name known defendants, based on an erroneous view of the law as permitting naming a municipality generally to encompass all policymakers and policymaking groups therein, is not the type of mistake for which relief under

1   Rule 60 is granted.  See e.g., Latshaw v. Trainer Wortham & Co., Inc. 452 F.3d 1097, 1101 (9th Cir.
2   2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later
3   comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of
4   counsel.  For purposes of subsection (b)(1), parties should be bound by and accountable for the
5   deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit
6   careless or negligent, attorney mistake, but also intentional attorney misconduct.") (citing cases).
7   Further, not only does the SAC fail to allege any action by a final policymaking authority; it also
8   fails to allege any connection between an action by a final policymaking authority (named or
9   unnamed) and any constitutional violation.  In other words, even if the SAC alleges that Plaintiff's
10  constitutional rights were somehow violated, the SAC does not claim that any alleged violation was
11  done or ratified by a final policymaker to justify municipal liability under Monell.  Plaintiff has been
12  given multiple opportunities to appropriately plead his § 1983 claim to cure these deficiencies, and
13  repeated failure to do so cannot be considered an excusable mistake.

14  Plaintiff also bases his motion for reconsideration on his counsel's "surprise" at Defendants'
15  position that the Alameda City Council is a final policymaker for the city of Alameda.  Motion at 12;
16  Grant Decl. at ¶¶ 5.  However, Defendants asserted this position in their moving papers, reply and
17  during oral argument, and this type of "surprise" is not a basis for reconsideration under Rule 60.
18  Plaintiff also takes issue with the Court's analysis of the applicability of one of Plaintiff's case
19  citations.  See Motion at 14.  However, Plaintiff's disagreement with the Court's legal analysis is not
20  an appropriate basis for a motion for reconsideration.

21  Finally, Plaintiff's motion makes new allegations (based on facts that occurred long before he
22  filed the SAC) and arguments that do not appear in the SAC or his opposition to the motion to
23  dismiss, and therefore are not a reason for the Court to reconsider its prior decision.  See Motion at
24  15-19.  For example, Plaintiff's motion extensively discusses events that occurred at a June 2007
25  city council meeting that were not mentioned in any of Plaintiff's prior pleadings and are outside of

3

the statute of limitations for this claim.[1]  Therefore, these new allegations are improper and could have no bearing on the Court's decision, even if the Court were to consider them.

For all of the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration.

Dated: April 14, 2010

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE

United States Magistrate Judge

---

[1] Plaintiff has also filed a Request for Judicial Notice to which he attaches various documents relating to this city council meeting.  Because these new allegations dating back more than two years prior to the date the claim was filed are beyond the statute of limitations and may not be considered in connection with Plaintiff's claim or motion for reconsideration, the Court declines to take judicial notice of Exhibits 2, 3 and 4.  The Court has considered Exhibit 1, which is a declaration by Plaintiff's counsel for which judicial notice is unnecessary.

4