IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOHERTY,<br><br>  Plaintiff,<br><br> v.<br><br>CITY OF ALAMEDA and CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD,<br><br>  Defendants.<br>_____/ | No. 09-4961-EDL<br><br>**ORDER GRANTING ATTORNEY LEE GRANT'S MOTION TO WITHDRAW, GRANTING EDWARD HOLTZ'S MOTION TO WITHDRAW, GRANTING PLAINTIFF'S MOTION TO REMOVE COUNSEL, GRANTING PLAINTIFF'S REQUEST TO USE THE COURT'S E-FILING SYSTEM, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

Plaintiff's counsel Lee Grant and Edward Holtz have both filed motions to withdraw as counsel of record in this matter, and the motions have been served on all parties to the action. Mr. Doherty subsequently filed a "Motion to Remove Counsel for Plaintiff Doherty," stating that he intends to seek new counsel and will proceed pro se during the transition period. Mr. Doherty's motion also requests that the Court allow him to use the e-filing system, and seeks a continuance of the matter while he obtains new counsel.

According to Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b). The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

1    After reviewing the papers submitted by the parties, there is good cause to GRANT Plaintiff's
2 attorneys' motions to withdraw and GRANT Plaintiff's motion to remove counsel. Plaintiff has
3 received notice of his counsels' requests to withdraw and has filed a motion to remove his counsel
4 and agreed to proceed pro se until he obtains counsel. In light of his current pro se status, Plaintiff is
5 hereby referred to the pro se help desk of this Court, information about which can be found on the
6 Court's website, www.cand.uscourts.gov, or by calling 415-782-9000.

7    Further, Plaintiff has requested that he be allowed to use the Court's e-filing system. Plaintiff
8 is warned that utilization of the e-filing system means that he will be presumed to receive all Court
9 filings and other notifications when they are transmitted electronically, and the Court will not excuse
10 any failure to abide by all Court rules and deadlines due to any lack of notice because such notice
11 was provided in electronic form only. Any such failure will result in revocation of Plaintiff's e-
12 filing permission. Subject to these warning, Plaintiff's request to use the Court's e-filing system is
13 GRANTED. Plaintiff is hereby Ordered to register to use this system immediately to avoid missing
14 any important filings or other notifications in this action. The procedure for registering for e-filing
15 is detailed on the Court's website. Plaintiff is directed to the purple button on the left had side of the
16 Court's home page labeled "ECF-Pacer" and from there to the "Registration" button on the left hand
17 side of the next screen. From there, Plaintiff is directed to follow the instructions for ECF
18 registration, including registering for "Pacer" before or immediately after registering for "ECF." At
19 the end of the registration, as a pro se e-filing applicant, Plaintiff is required to submit both an
20 electronic copy and a paper copy of the application to the Court's automation department pursuant to
21 the on-line instructions. If this application is complete, Plaintiff will receive notification from the
22 automation department with an e-filing password within approximately three days of receipt of the
23 paper copy of the application.

24    Finally, Plaintiff has requested a continuance of the action to allow him to obtain new counsel.
25 The Court hereby CONTINUES the Case Management Conference currently set for May 11, 2010
26 until June 15, 2010 to coincide with attorney Lee Grant's motion to file an attorney's lien. Plaintiff
27 is hereby Ordered to make every effort to obtain counsel by that date and to appear with counsel at
28 //

1 the case management conference. A joint case management conference statement is due no later
2 than June 8, 2010.

**IT IS SO ORDERED.**

Dated: May 6, 2010

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge