IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOHERTY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ALAMEDA and CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD,<br><br>    Defendants.<br>_____/ | No. 09-4961-EDL<br><br>**ORDER REMOVING DKT. NOS. 60 AND 62 IN SUPPORT OF ATTORNEY LEE GRANT'S MOTION TO FILE ATTORNEY'S LIEN FROM DOCKET** |

Plaintiff's former attorney, Lee Grant's Motion to File an Attorney's Lien came on for hearing on June 14, 2010 but Mr. Grant failed to appear at the hearing and Plaintiff claimed he had no notice of the motion. Therefore the Court Ordered Mr. Grant to file a copy of the fee agreement referenced and quoted in his moving papers, as well as any available evidence relating to whether he advised Plaintiff in writing that he could seek the advice of an independent lawyer and provided him with a reasonable opportunity to do so as required by California Rule of Professional Conduct Rule 3-300. He was also required to address whether his motion is limited to a lien on any recovery or award in this case, but not a lien on the underlying real property, as appears to be the law.

On June 21, Mr. Grant filed as Docket No. 60 a document entitled "Attorney Lee Grant's Retainer Agreement with John Doherty and Declaration of Carol L. Knapp in Support of Request for Attorney's Lien." On June 22, Mr. Grant filed as Docket No. 62 a document entitled "Attorney Lee Grant's Retainer Agreement with John Doherty and Declaration of Carol L. Knapp in Support of Request for Attorney's Lien: <u>Amended</u>." Ms. Knapp's declaration, included with both filings, is in direct violation of Local ADR Rule 5-12 regarding the confidentiality of discussions that occur during Early Neutral Evaluation sessions, and the Court hereby Orders both declarations to be

immediately STRICKEN from the public docket. Additionally, no document filed by Mr. Grant (or Ms. Knapp) addresses whether Mr. Grant's motion is limited to a lien on any recovery or award in this case, as opposed to a lien on the underlying real property, as appears to be the law.

Mr. Grant is hereby Ordered to re-file an appropriate response to the Court's June 15, 2010 Order by no later than Friday, June 25, 2010. In that response, Mr. Grant should reply to the arguments raised by Plaintiff in his June 21, 2010 opposition to the motion.

**IT IS SO ORDERED.**

Dated: June 23, 2010

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge