IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOHERTY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF ALAMEDA and CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD,<br><br>    Defendants.<br>_____/ | No. 09-4961-EDL<br><br>**ORDER STAYING CONSIDERATION OF ATTORNEY'S MOTION TO FILE ATTORNEY'S LIEN; ORDER FOR BRIEFING ON EFFECT OF PLAINTIFF'S BANKRUPTCY FILING ON CLAIM AND COUNTERCLAIM** |

On June 25, this Court issued an Order allowing attorney Lee Grant to file an *ex parte* reply to Mr. Doherty's opposition to Mr. Grant's motion for leave to file an attorney's lien. Thereafter, the Court received Mr. Grant's ex parte reply. However, also on June 25, Plaintiff filed a "Notice of Voluntary Bankruptcy Petition" with this Court, notifying the Court that he filed for Chapter 13 bankruptcy on June 24, 2010. The Court must therefore address the impact of Plaintiff's bankruptcy filing on the proceedings currently before it in light of 11 U.S.C. § 362(a), which automatically stays virtually all creditor action against a bankruptcy petitioner.

With respect to Mr. Grant's motion for an attorney's lien, it appears that this Court's consideration of this motion is stayed pursuant to applicable bankruptcy law. See 11 U.S.C. § 362(a)(4) and (5) (staying "any act to create, perfect, or enforce any lien against property of the estate" and "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the [bankruptcy] case"). Therefore, it appears that Attorney Lee Grant's claim for attorneys' costs and fees and any related collection issues must be taken up with the bankruptcy court. If he disagrees, he may file a brief of no more than five pages by no later than Friday, July 16, 2010 explaining why his motion for leave

to file an attorney's lien is not automatically stayed in light of Mr. Doherty's recent bankruptcy filing.

With respect to Mr. Doherty's inverse condemnation action against Defendants, and Defendants' counterclaim for preliminary and permanent injunctive relief against Mr. Doherty, the law is somewhat less clear. While actions brought by a debtor are not ordinarily automatically stayed due to a bankruptcy filing, it is unclear what effect Defendants' counterclaim has on the status of this case. Plaintiff and Defendants are therefore Ordered to file briefs of no more than five pages each addressing the impact of Plaintiff's bankruptcy filing on Plaintiff's claim and Defendants' counterclaim by no later than Friday, July 16, 2010. In their statements, the parties shall address the impact of 11 U.S.C. § 362(b)(4), which provides that the bankruptcy filing does *not* operate as a stay of "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."

**IT IS SO ORDERED.**

Dated: July 1, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge