John M. Doherty
4701 San Leandro St.
Oakland, CA  94601
510-261-0515

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. DOHERTY | Case No.: C 09-04961 EDL |
| Plaintiff / Petitioner | |
| | **PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO FILE AN ATTORNEY'S LIEN** |
| VS. | |
| CITY OF ALAMEDA; CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD; and DOES 1 - 100 | |
| Defendants / Respondents | |

Plaintiff Doherty respectfully submits this supplement to and fully incorporates herein his June 21, 2010 Opposition (Dkt. No. 61) as per Judge Laporte's order of May 4, 2011.

**Costs Clauses**

Paragraph 7 of the contingency agreement between Attorney Lee Grant (hereafter "Grant") and Plaintiff states in part:

> "DEPOSIT: Client agrees to pay Attorney an initial deposit for costs of two hundred fifty dollars ($250.00), to be returned with this signed Agreement. This initial deposit will be held in a trust account. Client hereby authorizes Attorney to use that deposit to pay the costs, disbursements and other expenses incurred under this Agreement. When Client's

1     deposit is exhausted, Attorney reserves the right to demand further deposits, each up to

2     a maximum of two hundred fifty dollars ($250.00)."

3   Paragraph 8 of the contingency agreement states in full:

4     PERIODIC BILLING STATEMENTS: "Attorney will send Client periodic billing statements

5     as costs and disbursements accrue in connection with this matter. Each statement is to

6     be paid in full within 15 days after the date of such statement."

7   Plaintiff arranged for and pre-paid hotel costs for Grant's first appearance in state court in

8 October 2008 and reimbursed Grant for an overnight delivery charge that came with a copy of the invoice

9 from the courier. As of today's date, Plaintiff has not received any billing statements from Grant nor has

10 Plaintiff received any demands for further deposits. Therefore, Plaintiff is uninformed of costs that may

11 need to be reimbursed. Grant has pled (Attorney's Reply dated June 25, 2010 and filed under seal, page

12 5, lines 27-28) that the original deposit of $250.00 remains in Grant's trust account. It is unreasonable for

13 Grant to fail to provide periodic billing statements; fail to deduct costs from the initial deposit; and argue

14 that costs remain unreimbursed.

15                        **Scope Clause**

16   Paragraph 2 of the contingency agreement states in part:

17     "SCOPE OF SERVICES: Client is hiring Attorney to represent Client in the matter of

18     Client's claims against the City of Alameda, California, and others as may become

19     evident, arising out of unfair, unlawful or otherwise tortuous conduct toward Client".

20   The purpose of the January 21, 2009 hearing in state court was for an OSC why a TRO should

21 not issue restraining the Defendant City from barring plaintiff Doherty and his agents from unfettered entry

22 onto his property located at 1617 Central Ave. Alameda, CA, for an extended period of time to retrieve

23 valuable personal property, retrieve legal documents, secure and maintain the property grounds, and

24 reactivate the currently certified (5-year) fire sprinkler system. It is unreasonable for Grant to now argue

25 (Reply, page 4, lines 5-6) that this hearing does not fall within the scope of the contingency agreement

26 since the legal documents still at the property are material to the case against the City and the City's

27 actions, including its failure to properly secure the property since July 8, 2008, has caused significant

28

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO FILE AN ATTORNEY'S LIEN

building and property damage, vandalism, and two felony theft arrests. (Alameda County Dkts. 164192 and 165694)

**Responsibility of the Parties Clause**

I. On pages 4 and 5 of the Reply, Grant argues that certain legal services reasonably required as per Paragraph 3 of the contingency agreement were provided via the association of Attorney Edward Holtz (hereafter "Holtz"). Grant argues that Holtz was preparing the Opposition to the MSJ and that Holtz appeared at the MSJ hearing. Grant also argues that (page 4, lines 19-21) he "was coordinating a joint effort by email correspondence which took time away from immediately preparing and filing the Second Amended Complaint". (Note that it is the First Amended Complaint that should be referenced - the SAC was filed in January, 2010 in federal court. It should also be noted that the MSJ became moot and that a hearing was never held.)

However, Grant's arguments of shared responsibility are not supported by the evidence which includes email and verbal communications regarding the nature of the association of Holtz. As Holtz states in Paragraph 6 of his attached Declaration, "This agreement was with the express understanding between Grant, Doherty and I that my role was to be limited to providing historical perspective and making routine appearances." Holtz also declares that, "...it is not my place to provide strategy or draft any documents to be filed and that I did not intend to do so. " Further, Holtz declares in Paragraph 7 that, "A review of my emails sent and received from April 13, 2009 to September 18, 2009 does not show any joint coordinating effort." Therefore, Grant retained sole responsibility for providing reasonable legal services as per the contingency agreement.

II. On page 6, line 2 of the Reply, Grant references pages from the Opposition regarding the Offer to Compromise. However, page 6, lines 2-17 of the Reply appears to discuss a document other than the Offer to Compromise. Plaintiff is unable to follow this discussion or identify which document is referenced.

III. Page 7, lines 23-28 of the Reply reference the March 23, 2010 CMC statement. Plaintiff was involved in creating this document and approved the version emailed to him at 7:27pm on March 22, 2010. However, the version that was emailed at 4:49 am on March 23, 2010 no longer contained the

intent to file a certain motion which Plaintiff had specifically requested. It was the later version, without Plaintiff's requested motion, that was filed.

IV. Page 8, lines 14-24 of the Reply reference the April 9, 2010 Motion for Reconsideration. A review of email communications between Grant's office and Plaintiff's niece from March 30, 2010 to April 9, 2010 shows that Plaintiff's first knowledge of such a motion was from the subject line of an email his niece was copied on that was sent at 3:24 am on April 8, 2010 (nine days after the hearing). On the afternoon of April 9, 2010, Plaintiff's niece responded to questions from Grant's office regarding the Alameda Municipal Code and Charter. Plaintiff then received the 20-page Motion as an attachment to an email from Grant's office at 8:05 pm on April 9, 2010 and received the e-filing notice from the ECF system twelve minutes later at 8:17 pm on April 9, 2010. Therefore, it is unreasonable for Grant to state that Plaintiff was adequately informed of the intention to file this Motion.

Plaintiff is prepared to present the herein mentioned email communications for the Court's examination and/or to file them under seal at the discretion and direction of the Court.

### Discharge and Withdrawal Clause

The circumstances surrounding the permissive withdrawal of Attorneys Grant and Holtz have previously been filed with this Court as Docket Nos. 44, 46-51, and 61.

Dated: May 14, 2011

_John M Doherty_
John M. Doherty, pro se Plaintiff

John M. Doherty
4701 San Leandro St.
Oakland, CA 94601
510-261-0515

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOHN M. DOHERTY ) Case No.: C 09-04961 EDL
)
    Plaintiff / Petitioner )
) **DECLARATION OF EDWARD HOLTZ**
VS. ) **IN SUPPORT OF PLAINTIFF'S**
) **SUPPLEMENTAL OPPOSITION TO**
) **MOTION TO FILE AN ATTORNEY'S**
) **LIEN**
CITY OF ALAMEDA; CITY OF ALAMEDA )
HOUSING AND BUILDING CODE )
HEARING AND APPEALS BOARD; and )
DOES 1 - 100 )
)
    Defendants / Respondents )
)

I, Edward Holtz, Declare as follows:

1. I am an attorney licensed to practice before the courts of this state. I make this declaration of my own personal knowledge and, if called upon to do so, would testify fully and competently to the matters contained herein.

2. In 2008, I was retained by John Doherty (hereafter "Doherty") regarding an Administrative Writ against the city of Alameda (hereafter "the City") regarding his property located at 1617 Central Ave., Alameda, CA. (Alameda Superior Court Docket Number: RG 08388057). The judgment on the Writ was issued on April 13, 2009 and the matter was finally resolved on June 25, 2009.

3. During the summer of 2008, Doherty contacted me regarding the filing of an action against the City for a violation of his civil rights. I informed him that since civil rights litigation was not an area of law I practiced in, I was unable to assist him in that matter. He subsequently retained the services of Lee Grant (hereafter "Grant") to advance his claim.

4. Later, Doherty asked me to meet and confer with Grant regarding the background facts for the Writ. As a result, I had a number of meetings with Grant to discuss the case. My input in these meeting was simply to provide a historical background. At each meeting I made it clear that I did not practice in the area of civil rights litigation and was unable to provide any opinion of the merits of the case against the City.

5. At Doherty's request I eventually associated into the case so I could assist Grant in making simple routine appearances such as case management and the filing of ex parte applications in order to save Doherty the cost of having Grant fly up from Los Angeles for procedural appearances.

6. This agreement was with the express understanding between Grant, Doherty and I that my role was to be limited to providing historical perspective and making routine appearances. In that regard, I did review pleadings drafted by Grant's office, but as I stated to his office numerous times that I agreed only to review and give my opinion on documents and to provide boots on the ground for minor appearances. I further explained that it is not my place to provide strategy or draft any documents to be filed and that I did not intend to do so. The contention, by any party, that it was ever my role to draft, or even oversee the drafting of, the First Amended Complaint (hereafter "the FAC") is an inaccurate portrayal of the events which transpired.

7. During the period I worked on the case, I did read the various drafts of the FAC and offered my opinion and suggestions about it, but I made it known to both Grant and Doherty numerous times that I was not taking the point on any facet of this matter, nor was I willing to act as anything other than an advisor regarding the legal tactics used by the City and the procedures and local rules used in the Alameda County Superior Court. A review of my emails sent and received from April 13, 2009 to September 18, 2009 does not show any joint coordinating effort. While it is true that during that period I responded to questions put to me by

Grant's office, I took no part in setting up the litigation timeline or overseeing the drafting of the FAC.

8. Furthermore, during my involvement in this case, I make a total of three appearances. On January 21, 2009, I appeared at the hearing for the Temporary Restraining Order filed by Mr. Grant. At this hearing, I was there simply to assist Mr. Grant, who was appearing by telephone from Los Angeles, as there were documents that needed to be reviewed with the Court.

9. The second and third appearances, September 23, 2009 and September 30, 2009, respectively, were both for hearings on an ex parte application to allow Mr. Grant to file an amended compliant before the Court heard the City's Motion for Summary Judgment. I did not make any other appearances as an attorney of record in this case.

10. On October 19, 2009, the case was removed to Federal Court by the City. As I did not practice in that forum, I did not believe I would be able to provide meaningful representation or insight to the case. Therefore, on April 30, 2010, I filed a Notice of Intent to Withdraw with the Court. Having willing withdrawn from the case, I did not expect to be paid by Mr. Doherty's for my legal services.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 5/12/11

_____
Edward Holtz

John M. Doherty
4701 San Leandro St.
Oakland, CA  94601
510-261-0515

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. DOHERTY<br><br>Plaintiff / Petitioner<br><br>VS.<br><br>CITY OF ALAMEDA; CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD; and DOES 1 - 100<br><br>Defendants / Respondents | Case No.: C 09-04961 EDL<br><br>**PROOF OF SERVICE**<br>**BY FIRST CLASS MAIL** |

    I, Deanna Doherty, am over the age of 18 and not a party to this action.  I am a resident of the county where the mailing took place. My residence address is 4701 San Leandro St., Oakland, CA 94601.  On May 14, 2011 I mailed from Alameda, CA the following documents: PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO FILE AN ATTORNEY'S LIEN and DECLARATION OF EDWARD HOLTZ IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO FILE AN ATTORNEY'S LIEN

    I served the documents by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

    The envelope was addressed and mailed to Lee Grant, Esq. 5417 Encino Ave Bldg B Encino, CA, 91316

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2011

*Deanna Doherty* (signature)
Deanna Doherty