Gregory M. Fox, State Bar No.: 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

Donna R. Mooney, State Bar No.: 189753
Laura E. Zagaroli, State Bar No.: 251682
Office of the City Attorney
2263 Santa Clara Avenue, Room 280
Alameda, CA 94501
Telephone:  (510) 747-4750
Facsimile:   (510) 747-4767

Attorneys for Defendant/Counterclaimant
CITY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOHERTY,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF ALAMEDA AND CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD,<br><br>    Defendants.<br><br>CITY OF ALAMEDA,<br><br>    Counterclaimant,<br>vs.<br><br>JOHN DOHERTY and DOES 1-15, inclusive<br><br>    Counterclaim-defendants. | Case No.: CV 09 4961 EDL<br><br>**CITY OF ALAMEDA CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: June 21, 2011<br>Time: 3:00 p.m.<br>Ctrm: Courtroom E, 15th Floor<br><br>Honorable Elizabeth D. Laporte |

    The CITY OF ALAMEDA ("CITY") hereby files its separate case management statement because the Plaintiff JOHN DOHERTY, pro se, failed to respond to the CITY's attempts to file the statement jointly. On June 11, 2011, Deputy City Attorney Laura Zagaroli sent a draft of the statement to Plaintiff's email address with a request to have it returned Monday June 13. On June 13, 2011, Ms. Zagaroli sent a second email to Mr. Doherty asking

him to confirm receipt of her email, which he did at approximately noon that day. On June 14, 2011, Ms. Zagaroli sent another email to Mr. Doherty and attempted to call him without success.

**1.    Jurisdiction and Service.**

The parties agree that the Court has subject matter jurisdiction and venue is proper in the Northern District Court.

**2.    Statement of Facts and Principal Facts in Dispute.**

Plaintiff is the owner of a multi-unit residential apartment building located at 1617 Central Avenue in Alameda that he purchased in 1973 to use as his home and rental property. (See Plaintiff's Second Amended Complaint (SAC) ¶ 1.) The property was built in the late 1800s as a single family dwelling that Plaintiff alleges was converted to ten units in 1945, when the City did not require building permits. On December 16, 2003, the City allegedly "re-determined the property as a duplex." (SAC ¶ 13.) Plaintiff claims the City then began to harass him over the next six years with wrongful demands to "return the Property to a duplex." On January 20 and 28, 2004, the City's Building and Fire Departments conducted joint code enforcement inspections of the property with Plaintiff's consent, which inspections revealed multiple violations of the Alameda Building, Electrical, and Plumbing Codes, California Health and Safety Code, and the Uniform Fire Code. The Building Department issued a Notice to Abate the violations, which was received by Plaintiff on February 12, 2004. (SAC ¶ 16.) On February 18, 2004, Plaintiff allegedly received a second Notice and Order to Abate from the Fire Department identifying eleven Fire Code violations. (SAC ¶ 17.) The Fire Department conducted a subsequent inspection and reduced the number of violations to four, based on Plaintiff's compliance. The Building Department issued a second Notice and Order to Abate which listed five new violations in addition to the four remaining violations cited by the Fire Department. (SAC ¶¶ 18-21.) On April 29, 2004, the City "Red-Tagged" the property after having determined the house to be uninhabitable and unsafe to occupy and declared it "Unsafe to Occupy," allegedly causing two tenants to voluntarily vacate the property. (SAC ¶ 22.) Plaintiff unsuccessfully appealed the decision. (SAC ¶¶23-28.) On July 8, 2008, the City vacated and secured the building against entry.

2
CITY OF ALAMEDA CASE MANAGEMENT STATEMENT

Defendant contends the Plaintiff has never complied with the City's Orders to Abate, Plaintiff's rental units were illegally constructed without permits and therefore not tenantable, and the subject property is neither habitable nor safe to occupy. Defendant further contends that the subject property is a public nuisance and a danger to the neighboring properties.

**3.  Legal Issues.**

Did the City engage in actions that resulted in a taking of the subject property?

Did the Plaintiff suffer any damages proximately caused by the City's actions?

**4.  Motions.**

Defendant intends to file a motion for summary judgment and motion for the appointment of a receiver for the subject property.

**5.  Amendment of the Pleadings.** N/A.

**6.  Discovery.**

A.  The maximum number of interrogatories to each party:

Defendant proposes forty-five (45) per side.

B.  The maximum number of requests for admission/documents to each party:

Defendant proposes forty-five (45) per side.

C.  The maximum number of depositions:

Defendant proposes 5-10 depositions per side.

**7.  Class Actions.**

N/A.

N/A.

**8.  Related Actions.** N/A.

**9.  Relief.**

Defendant denies Plaintiff suffered any damages caused by the City's actions.

**10.  Settlement and ADR.**

The parties attended an ENE session that did not resolve the case. The parties attended one mediation session on December 3, 2010 but were unable to resolve the case.

**11.  Consent to Magistrate Judge.**

The parties have consented to Judge LaPorte for all purposes including trial.

12. **Other References.** N/A

13. **Narrowing of Issues.**

The parties are cooperating on narrowing the issues.

14. **Expedited Schedule.** N/A

15. **Scheduling.**

To be determined by the Court.

16. **Trial.**

Defense requests trial at least sixty (60) days after the hearing on its motions.

Respectfully submitted,

Dated: June 14, 2011            BERTRAND, FOX & ELLIOT

By: _____/s/_____
Gregory M. Fox
Attorney for Defendant CITY OF ALAMEDA

Dated: June 14, 2011            By: _____/s/_____
Laura E. Zagaroli, Deputy City Attorney
Attorney for Defendant CITY OF ALAMEDA

## ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document.

Dated: June 14, 2011            _____/s/_____
Gregory M. Fox