Gregory M. Fox, State Bar No.: 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

Donna R. Mooney, State Bar No.: 189753
Laura E. Zagaroli, State Bar No.: 251682
Office of the City Attorney
2263 Santa Clara Avenue, Room 280
Alameda, CA 94501
Telephone:    (510) 747-4750
Facsimile:    (510) 747-4767

Attorneys for Defendant/Counterclaimant
CITY OF ALAMEDA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOHERTY,<br><br>              Plaintiff,<br>     vs.<br><br>CITY OF ALAMEDA AND CITY OF ALAMEDA HOUSING AND BUILDING CODE HEARING AND APPEALS BOARD,<br><br>              Defendants.<br><br>CITY OF ALAMEDA,<br><br>              Counterclaimant,<br>     vs.<br><br>JOHN DOHERTY and DOES 1-15, inclusive<br><br>              Counterclaim-defendants. | Case No.: CV 09 4961 EDL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  June 21, 2011<br>Time:  3:00 p.m.<br>Ctrm:  Courtroom E, 15th Floor<br><br>Honorable Elizabeth D. Laporte |

John M. Doherty hereby files this joint case management statement as prepared and emailed for review to Defendant at 3:28pm on June 14, 2011. As part of the 3:28pm email, Plaintiff offered to efile at 5:30pm today. Plaintiff was surprised to discover that Defendant filed a separate statement at 4:07pm. Plaintiff is puzzled that Defendant would claim to attempt communication with him today yet would use a different email account than Defendant has used

1
JOINT CASE MANAGEMENT STATEMENT

for previous communications.  In addition, Plaintiff attests that he has been available by phone the entire day.

### 1.     Jurisdiction and Service.

The parties agree that the Court has subject matter jurisdiction and venue is proper in the Northern District Court.

### 2.     Joint Statement of Facts and Principal Facts in Dispute.

Plaintiff is the owner of a historical residential apartment building located at 1617 Central Avenue in Alameda, which he purchased in 1973 and used as his home and rental property.  (See Plaintiff's Second Amended Complaint (SAC) ¶ 1.)  The property was built in the late 1800s as a single family dwelling, which the City testified in 1985 was converted to ten units in 1945, when the City did not require building permits.  On December 16, 2003, the City allegedly "re-determined the property as a duplex."  (SAC ¶ 13.)  Plaintiff claims the City then began to harass him over the next six years with wrongful demands to "return the Property to a duplex."  On January 20 and 28, 2004, the City's Building and Fire Departments conducted joint code enforcement inspections of the property with Plaintiff's consent, which inspections allegedly revealed numerous violations of the Alameda Building, Electrical, and Plumbing Codes, California Health and Safety Code, and the Uniform Fire Code.  The Building Department issued a Notice to Abate the violations, which was received by Plaintiff on February 12, 2004.  (SAC ¶ 16.)  On February 18, 2004, Plaintiff allegedly received a second Notice and Order to Abate from the Fire Department identifying eleven Fire Code violations.  (SAC ¶ 17.)  The Fire Department conducted a subsequent inspection and reduced the number of violations to four, based on Plaintiff's compliance.  The Building Department issued a second Notice and Order to Abate which listed five new violations in addition to the four remaining violations cited by the Fire Department.  (SAC ¶¶ 18-21.)  On April 29, 2004, the City "Red-Tagged" the property declaring it "Unsafe to Occupy," allegedly causing two tenants to voluntarily vacate the property.  (SAC ¶ 22.)  Plaintiff unsuccessfully appealed the decision.  (SAC ¶¶23-28.)  Defendant vacated the building on July 8, 2008 and the property has been boarded and secured.

Defendant contends the Plaintiff has never complied with the City's Orders to Abate, Plaintiff's rental units were illegally constructed without permits and therefore not tenantable, and the subject property is not habitable nor safe to occupy. Defendant further contends that the subject property is a public nuisance and a danger to the neighboring properties.

Plaintiff disputes Defendant's claims and alleges the following:

This is an inverse condemnation case. In 2004, Defendant re-determined that Plaintiff's 3 ½ story, 10-unit apartment house, which was converted in 1945, was a duplex thus taking Plaintiff's real property, rental income, and livelihood. Defendant issued code violations based on its erroneous determination that the property was a duplex. In its pursuit to take Plaintiff's property, Defendant ignored valid City permits and records presented by Plaintiff at Administrative hearings; withheld transcripts of those hearings from Plaintiff; unlawfully provided legal advice and direction to hearing officers; arrested Plaintiff; committed perjury; and unlawfully obtained an inspection warrant and then exceeded the scope of the warrant.

In 2009, the Alameda Superior Court issued an Administrative Writ upholding Plaintiff's primary substantive argument that the City previously argued and testified and the Appeals Board and the Superior Court previously issued decisions (Alameda Superior Court Case #594716-6,1985) determining that the Property was a multi-unit dwelling with 10 units (as converted in 1945); that the determination of the Appeals Board that the Property is a duplex was not supported by the weight of the evidence and the City is and was judicially estopped from arguing and maintaining this contradictory position in the instant controversy. The Superior Court commanded Defendant to set aside all findings and determinations based on the notion that the property is a duplex. On July 8, 2008, Defendant wrongfully evicted Plaintiff and his remaining tenants and took all 10 units, his home and his livelihood.

Plaintiff's property has been vacant and boarded for three years. Defendant actions, including its failure to properly secure the property since July 8, 2008, have caused the building to be a public nuisance as there is significant building and property damage, vandalism, and two felony theft arrests. (Alameda County Dkts. 164192 and 165694). Defendant actions have

caused the building to be inhabited by squatters, stripped of fixtures and copper piping, and left without protection against fire.

3. **Legal Issues.**

Did the City engage in actions that resulted in a taking of the subject property?

Did the Plaintiff suffer any damages proximately caused by the City's actions?

4. **Motions.**

Defendant intends to file a motion for summary judgment and motion for the appointment of a receiver for the subject property.

5. **Amendment of the Pleadings.** N/A.

6. **Discovery.**

A. The maximum number of interrogatories to each party:

Plaintiff: Forty-five (45) to Defendant

Defendant: Forty-five (45) to Plaintiff

B. The maximum number of requests for admission/documents to each party:

Plaintiff: Forty-five to Defendant

Defendant:     Forty-five (45) to Plaintiff

C. The maximum number of depositions:

Plaintiff:

Defendant: Defendant's propose 5-10 depositions per side.

7. **Class Actions.**

N/A.

N/A.

8. **Related Actions.** N/A.

9. **Relief.**

Defendant denies Plaintiff suffered any damages caused by the City's actions.

Plaintiff contends Defendant took his home and 10-unit income property, caused significant damage to the building and grounds, neglected to properly secure and monitor the vacant building causing vandalism and two felony thefts.

**10.  Settlement and ADR.**

The parties attended an ENE session that did not resolve the case.  The parties attended one mediation session on December 3, 2010 and are attempting to schedule a second mediation session on _____ (date).

**11.  Consent to Magistrate Judge.**

The parties have consented to Magistrate Judge Laporte for all purposes including trial.

**12.  Other References.**   N/A

**13.  Narrowing of Issues.**

The parties are cooperating on narrowing the issues.

**14.  Expedited Schedule.**   N/A

**15.  Scheduling.**

To be determined.

**16.  Trial.**

Defense requests trial in the event the parties fail to settle during mediation.

                          Respectfully submitted,

Dated: June 14, 2011                   By:  _____/s/_____
                                          John M. Doherty, pro se Plaintiff

Dated:  June 14, 2011                BERTRAND, FOX & ELLIOT

                                     By:  _____/s/_____
                                          Gregory M. Fox
                                          Attorney for Defendant CITY OF ALAMEDA

Dated:  June 14, 2011                By:  _____/s/_____
                                          Laura E. Zagaroli, Deputy City Attorney
                                          Attorney for Defendant CITY OF ALAMEDA

ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document.

Dated: June 14, 2011

_____/s/_____
Gregory M. Fox