Gregory M. Fox, State Bar No. 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

Donna Mooney, State Bar No. 189753
Laura E. Zagaroli, State Bar No. 251682
Office of the City Attorney
2263 Santa Clara Avenue, Room 280
Alameda, California 94501-4477
Telephone:     (510) 747-4750
Facsimile:      (510) 747-4767

Attorneys for Defendant/Counterclaimant
CITY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOHERTY,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF ALAMEDA AND CITY OF ALAMEDA HOUSING AND BULDING CODE HEARING AND APPEALS BOARD,<br><br>            Defendants. | Case No. CV09 4961 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   October 18, 2011<br>Time:  10:00 a.m.<br>Ctrm:  Courtroom E, 15th Floor<br>Honorable Elizabeth D. Laporte |
| CITY OF ALAMEDA,<br><br>            Counterclaimant,<br>     vs.<br><br>JOHN DOHERTY and DOES 1-15, inclusive,<br><br>            Counterclaim-defendants. | |

The parties hereby file a joint case management statement.

**1.      Jurisdiction and Service.**

The parties agree that the Court has subject matter jurisdiction and venue is proper in the Northern District Court.  Plaintiff is seeking new legal counsel.

**2.      Statement of Facts and Principal Facts in Dispute.**

Plaintiff is the owner of a multi-unit residential apartment building located at 1617 Central Avenue in Alameda that he purchased in 1973 to use as his home and rental property.  (See Plaintiff's Second Amended Complaint (SAC) ¶ 1.)  The property was built in the late 1800s as a single family dwelling that Plaintiff alleges was converted to ten units in 1945, when the City did not require building permits.  On December 16, 2003, the City allegedly "re-determined the property as a duplex."  (SAC ¶ 13.)  Plaintiff claims the City then began to harass him over the next six years with wrongful demands to "return the Property to a duplex."  On January 20 and 28, 2004, the City's Building and Fire Departments conducted joint code enforcement inspections of the property with Plaintiff's consent, which inspections revealed multiple violations of the Alameda Building, Electrical, and Plumbing Codes, California Health and Safety Code, and the Uniform Fire Code.  The Building Department issued a Notice to Abate the violations, which was received by Plaintiff on February 12, 2004.  (SAC ¶ 16.)  On February 18, 2004, Plaintiff allegedly received a second Notice and Order to Abate from the Fire Department identifying eleven Fire Code violations.  (SAC ¶ 17.)  The Fire Department conducted a subsequent inspection and reduced the number of violations to four, based on Plaintiff's compliance.  The Building Department issued a second Notice and Order to Abate which listed five new violations in addition to the four remaining violations cited by the Fire Department.  (SAC ¶¶ 18-21.)  On April 29, 2004, the City "Red-Tagged" the property after having determined the house to be uninhabitable and unsafe to occupy and declared it "Unsafe to Occupy," allegedly causing two tenants to voluntarily vacate the property.  (SAC ¶ 22.)  Plaintiff unsuccessfully appealed the decision.  (SAC ¶¶23-28.)  On July 8, 2008, the City vacated and secured the building against entry.

Defendant contends the Plaintiff has never complied with the City's Orders to Abate, Plaintiff's rental units were illegally constructed without permits and therefore not tenantable, and the subject property is neither habitable nor safe to occupy.  Defendant further contends that the subject property is a public nuisance and a danger to the neighboring properties.

2
JOINT CASE MANAGEMENT STATEMENT

**Plaintiff disputes Defendant's claims and alleges the following:**

This is an inverse condemnation case. In 2004, Defendant re-determined that Plaintiff's 3 ½ story, 10-unit apartment house was a duplex and created a computer record to support its claim. This action was contrary to the City's testimony in open court in 1985 that the building was converted in 1945, thus taking Plaintiff's real property, rental income, and livelihood. Defendant issued code violations based on its erroneous determination that the property was a duplex. In its pursuit to take Plaintiff's property, Defendant illegally recorded its Notice and Orders thereby clouding Plaintiff's property title; ignored valid City permits, records, and correction of violations presented by Plaintiff at Administrative hearings; withheld transcripts of those hearings from Plaintiff; unlawfully provided legal advice and direction to hearing officers; falsely arrested Plaintiff; committed perjury; and unlawfully obtained an inspection warrant and then exceeded the scope of the warrant.

On May 16, 2008, Plaintiff filed a Petition for a Writ of Administrative Mandamus appealing Defendant's administrative decisions. In spite of the appeal process, Defendant continued their enforcement activities and on July 8, 2008 Defendant wrongfully evicted Plaintiff and his remaining tenants and took all 10 units, his home and his livelihood. On April 13, 2009, the Alameda Superior Court issued an Administrative Writ upholding Plaintiff's primary substantive argument that the City previously argued and testified and the Appeals Board and the Superior Court previously issued decisions (Alameda Superior Court Case #594716-6,1985) determining that the Property was a multi-unit dwelling with 10 units (as converted in 1945); that the determination of the Appeals Board that the Property is a duplex was not supported by the weight of the evidence and the City is and was judicially estopped from arguing and maintaining this contradictory position in the instant controversy. The Superior Court commanded Defendant to set aside all findings and determinations based on the notion that the property is a duplex.

Plaintiff's property has been vacant and boarded for over three years. Defendant actions, including its failure to properly secure the property since July 8, 2008, have caused the building to be a public nuisance as there is significant building and property damage, vandalism, and two felony theft arrests. (Alameda County Dkts. 164192 and 165694). Defendant actions have caused the building to be inhabited by squatters, stripped of fixtures and copper piping, and left without protection against fire.

3
JOINT CASE MANAGEMENT STATEMENT

**3. Legal Issues.**

Did the City engage in actions that resulted in a taking of the subject property?

Did the Plaintiff suffer any damages proximately caused by the City's actions?

**4. Motions.**

Defendant City intends to file a motion for summary judgment and motion for the appointment of a receiver for the subject property.

**5. Amendment of the Pleadings.** Plaintiff intends to amend his Complaint to include the illegal recordation of Defendants Notice and Orders clouding his property title.

**6. Discovery.**

    A. The maximum number of interrogatories to each party:

    Defendant proposes forty-five (45) per side.

    B. The maximum number of requests for admission/documents to each party:

    Defendant proposes forty-five (45) per side.

    C. The maximum number of depositions:

    Defendant proposes 5-10 depositions per side.

**7. Class Actions.**

N/A.

N/A.

**8. Related Actions.** N/A.

**9. Relief.**

Defendant denies Plaintiff suffered any damages caused by the City's actions.

    Plaintiff contends Defendant took his home and 10-unit income property, caused significant damage to the building and grounds, neglected to properly secure and monitor the vacant building causing vandalism and two felony thefts. Plaintiff seeks just and equitable relief for the taking and for the damages.

**10. Settlement and ADR.**

The parties attended an ENE session that did not resolve the case. The parties attended a lengthy

mediation process but were unable to resolve the case.  Plaintiff would be receptive to continue reasonable settlement efforts.

**11.     Consent to Magistrate Judge.**

The parties have consented to Judge LaPorte for all purposes including trial.

**12.     Other References.**    N/A

**13.     Narrowing of Issues.**

The parties are cooperating on narrowing the issues.

**14.     Expedited Schedule.**   N/A

**15.     Scheduling.**

The Court has ordered a briefing schedule for the City's MSJ.  The setting of a trial date to be determined by the Court following a hearing on the City's MSJ.

**16.     Trial.**

The City requests trial at least ninety (90) days after the hearing on its motions to allow time for expert discovery.

                                              Respectfully submitted,

Dated:  October 11, 2011

                                              By:  _____/s/_____
                                                    John Doherty
                                                     plaintiff pro se


Dated:  October 11, 2011              BERTRAND, FOX & ELLIOT

                                              By:  _____/s/_____
                                                    Gregory M. Fox
                                                     Attorney for Defendant CITY OF ALAMEDA

Dated:  October 11, 2011         By:  _____/s/_____
                                                    Laura E. Zagaroli, Deputy City Attorney
                                                    Attorney for Defendant CITY OF ALAMEDA

ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document.

Dated: October 11, 2011                     /s/
                                         Gregory M. Fox